United States District Court
Southern District of Texas
**ENTERED**
September 02, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOHNNY LEE DAVIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:21-CV-00150 |
| | § | |
| LANETTE LINTHICUM, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION
## TO DISMISS CERTAIN CLAIMS AND TO RETAIN CASE

Plaintiff Johnny Lee Davis, a Texas inmate appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A.

For purposes of screening, Plaintiff has stated a deliberate indifference claim against **DDS J. Boston** in his individual and official capacities. Accordingly, it is respectfully recommended that this claim be **RETAINED.** The undersigned will order service on this defendant.

For the reasons set forth below, the undersigned further recommends that the Court: (1) **DISMISS without prejudice** Plaintiff's deliberate indifference claims regarding his Plaintiff's Hepatitis C claims against **Medical Director Lannette Linthicum, Warden Castro, Senior Practice Manager Tanya Lawson, Dr. Isaac K. Kwarteng and Physician Assistant (PA) Erick Echavarry**; (2) **DISMISS without prejudice**

**Defendants Kwarteng and Echavarry** from this action; (3) **DISMISS with prejudice** Plaintiff's claims for money damages against **Defendants Linthicum, Castro, Lawson, and Boston** in their official capacities as barred by the Eleventh Amendment; (4) **DISMISS with prejudice** Plaintiff's claims against the **Texas Department of Criminal Justice and the University of Texas Medical Branch (UTMB)** as barred by the Eleventh Amendment; and (5) **DISMISS with prejudice** Plaintiff's claims against the remaining defendants for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

## I. JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II. PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID). Plaintiff's claims and allegations in this action arise in connection with his current assignment to the McConnell Unit in Beeville, Texas.

Plaintiff sues the following defendants in his original complaint: (1) Medical Director Linthicum; (2) the TDCJ; (3) the UTMB; (4) Manager Lawson; (5) Dr. Kwarteng; (6) PA Echavarry; and (7) DDS Boston. (D.E. 1). Plaintiff claims that Defendants acted with deliberate indifference to his serious medical needs by: (1) not providing adequate

dental treatment; and (2) failing to treat Plaintiff for his Hepatitis C infection. (D.E. 1, p. 4). Plaintiff seeks monetary, declaratory, and injunctive relief.

As directed by the Court, Plaintiff filed his Amended Complaint in which he listed the following defendants: (1) Medical Director Linthicum; (2) Warden Castro; (3) the UTMB; (4) Manager Lawson; (5) Dr. Kwarteng; (6) PA Echavarry; and (7) DDS Boston. (D.E. 12, pp. 3-8). Plaintiff sues each individual defendant in his or her individual and official capacity. (D.E, 12, p. 8).

In a separate Order, the undersigned concluded that Plaintiff impermissibly attempted to raise claims against Defendants stemming from two separate transactions or occurrences. One transaction or occurrence involves his claims about inadequate dental care. Plaintiffs brings his deliberate indifference claims regarding the lack of adequate dental care against Defendants Linthicum, Castro, UTMB, Lawson, and Boston. (D.E. 12, pp. 3-8). The second transaction or occurrence involves his claims about receiving inadequate treatment for his Hepatitis C infection. Plaintiff brings his deliberate indifference claims regarding his treatment for Hepatitis C against Defendants Linthicum, Castro, UTMB, Lawson, Kwarteng, and Echavarry. (D.E. 12, pp. 3-8).

In the Order, the undersigned directed Plaintiff to file a separate complaint with regard to his Hepatitis C claims. Accordingly, the undersigned respectfully recommends that the Court dismiss without prejudice Plaintiff's Hepatitis C claims against Defendants Defendants Linthicum, Castro, UTMB, Kwarteng, and Echavarry. The undersigned

further recommends that the Court dismiss Defendants Kwarteng and Echavarry from this action.

With regard to Plaintiff's deliberate indifference claims regarding his dental care treatment, Plaintiff alleges the following facts in his Amended Complaint. In March 2019, Plaintiff requested to see the dentist due to having severe tooth pain, gum swelling, and infection. Plaintiff requested that his teeth be pulled and replaced with dentures. Boston agreed to pull the teeth to allow for a denture plate to be made. After Plaintiff signed the release to pull the teeth, Boston put Plaintiff back in the chair and left some of the infected teeth in his mouth. Plaintiff suffered tremendous amounts of pain.

In a Step 1 grievance dated April 17, 2019, Plaintiff complained to Manager Lawson about not receiving adequate dental treatment, including not having his teeth replaced with dentures. (D.E. 12-1, pp. 18-19). Plaintiff indicated in his Step 1 grievance that Lawson had advised him there was no policy in place regarding the replacement of broken teeth with dentures. (D.E. 12-1, p. 18). Lawson denied Plaintiff's Step 1 grievance, finding that the applicable policy had not been updated and that Plaintiff did not meet the criteria for dentures at this time. (D.E. 12-1, p. 19). Plaintiff's Step 2 grievance was also denied based on findings that Plaintiff was not eligible for dentures at this time. (D.E. 12-1, pp. 19-20).

On some unidentified date after Plaintiff was transported to a county jail and allowed to see a local dentist, Plaintiff's top teeth were pulled following oral surgery. Plaintiff claims that Boston failed to provide Plaintiff with the proper dental procedures, which caused him to suffer pain and discomfort for months afterwards. Plaintiff complains

that he continues to suffer from pain and that Boston continues to deny him proper dental care such as fillings, cleanings, and dentures.  In addition to monetary and declaratory relief, Plaintiff seeks unspecified injunctive relief with respect to his dental care claims.

## III.    LEGAL STANDARD

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.  *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact.  *Neitzke v. Williams,* 490 U.S. 319 (1989).  A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."  *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff."  *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999).  "The issue is not whether the plaintiff will ultimately prevail, but

whether he is entitled to offer evidence to support his claim. Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id*.

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988). A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

## IV.   DISCUSSION

### A.   Eleventh amendment immunity and Official Capacity

A suit against a state officer in his or her official capacity is effectively a suit against that state official's office. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment, however, bars claims for money damages against a state or state agency. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Aguilar v. Texas Dep't of Criminal Justice,* 160 F.3d 1052, 1054 (5th Cir. 1998). As such, an action for monetary damages against a state official in his or her official capacity is one against the state itself, and is barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). The Fifth Circuit has extended the Eleventh Amendment immunity specifically to TDCJ officers and officials acting in their official capacities. *See Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) (Eleventh Amendment bars prisoner's suit for money damages against prison officials in their official capacities).

To the extent that Plaintiff sues Defendants Linthicum, Castro, Lawson, and Boston in their official capacities for money damages, those claims are barred by the Eleventh Amendment. Thus, it is respectfully recommended that Plaintiff's claims for money damages against these individual defendants in their official capacities be dismissed with prejudice as barred by the Eleventh Amendment.

Plaintiff named both the TDCJ and the UTMB in his Original Complaint as defendants in this case. (D.E. 1, p. 3). Plaintiff omitted listing the TDCJ as a defendant in the Amended Complaint. Nevertheless, the Eleventh Amendment bars suit against state entities such as the TDCJ and the UTMB regardless of whether money damages or injunctive relief is sought under § 1983. *See Aguilar v. Texas Dept. of Criminal Justice*,

160 F.3d 1052, 1054 (5th Cir. 1998); *Clay v. Texas Women's University*, 728 F.2d 714, 715-16 (5th Cir. 1984). Accordingly, it is respectfully recommended that Plaintiff's § 1983 claims against the TDCJ and the UTMB be dismissed with prejudice as barred by the Eleventh Amendment.

### B. Deliberate Indifference

Plaintiff claims that prison officials acted with deliberate indifference to his serious medical needs involving his dental care treatment. The Eighth Amendment imposes a duty on prison officials to "provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (internal quotation omitted). A prison official violates this duty when by act or omission he is deliberately indifferent to prison conditions which pose a substantial risk of serious harm. *Id.* at 834.

To state a § 1983 claim for denial of adequate medical treatment, a prisoner must allege that the officials acted with deliberate indifference to serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 105 (1976); *Wilson v. Seiter*, 501 U.S. 294, 303.(1991); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Deliberate indifference requires that prison officials be both aware of specific facts from which the inference could be drawn that a serious medical need exists and then the prison official, perceiving the risk, must deliberately fail to act. *Farmer*, 511 U.S. at 837. In the context of medical treatment, the prisoner must show "that prison officials refused to treat him, ignored his complaints,

intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (internal quotation marks and citation omitted).

However, "unsuccessful medical treatment and acts of negligence or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with [his] medical treatment, absent exceptional circumstances." *Sama v. Hannigan*, 669 F.3d 585, 590 (5th Cir. 2012). As long as prison medical personnel exercise professional medical judgment, their behavior will not violate a prisoner's constitutional rights. *Youngberg v. Romeo*, 457 U.S. 307, 322-23 (1982).

### (1) Boston

Plaintiff alleges in relevant part that: (1) Boston failed to provide Plaintiff with dentures and instead left infected teeth in Plaintiff's mouth which caused him tremendous amounts of pain; (2) Plaintiff's top teeth eventually had to be pulled by another dentist; and (3) Boston continues to deny Plaintiff proper care in the form of fillings, cleanings, and dentures. Plaintiff's allegations, accepted as true, sufficiently state an Eighth Amendment claim against Boston. *See Wagner v. Wilke*, No. 1:19-CV-00035, 2020 WL 9174953, at *2 (N.D. Tex. Aug. 24, 2020).

Accordingly, the undersigned respectfully recommends that Plaintiff's Eighth Amendment claim against Boston in his individual capacity be retained.

### (2) *Linthicum and Castro*

Plaintiff seeks to hold Director Linthicum and Warden Castro responsible for the inadequate dental care provided to Plaintiff. "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir. 1983). There is no vicarious or *respondeat superior* liability of supervisors under section 1983. *Thompkins v. Belt,* 828 F.2d 298, 303–04 (5th Cir. 1987). *See also Carnaby v. City of Houston,* 636 F.3d 183, 189 (5th Cir. 2011) (the acts of subordinates do not trigger individual § 1983 liability for supervisory officials).

"Supervisory officials may be held liable only if: (1) they affirmatively participate in acts that cause constitutional deprivation; or (2) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992). Thus, a supervisor who is not personally involved is liable only if he has implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." *Thompkins*, 828 F.2d at 304.). "Mere knowledge and acquiescence on a supervisor's part is insufficient to create supervisory liability under § 1983." *Doe v. Bailey*, No. H-14-2985, 2015 WL 5737666, at *9 (S.D. Tex. Sep. 30, 2015) (citing *Iqbal*, 556 U.S. at 677).

Plaintiff alleges nothing to suggest that Linthicum or Castro had any personal involvement with regard to Plaintiff's dental care. Plaintiff further provides no specific facts in his Amended Complaint that these defendants implemented a policy that resulted in Plaintiff's injuries. Accordingly, it is respectfully recommended that Plaintiff's

deliberate indifference claims against Linthicum or Castro in their supervisory capacities be dismissed with prejudice as frivolous and/or for failure to state a claim.

### (3) Lawson

Plaintiff's deliberate indifference claim against Manager Lawson centers solely on her conduct in denying his Step 1 grievance. Plaintiff's dissatisfaction with Lawson's decision, however, fails to state a cognizable constitutional claim. *See Jones v. North Carolina Prisoners' Labor Union, Inc.,* 433 U.S. 119, 138 (1977) (Burger, C.J., concurring) (applauding institution of grievance procedures by prisons but noting that such procedures are not constitutionally required); *Geiger v. Jowers,* 404 F.3d 371, 374 (5th Cir. 2005) (prisoners do not have a federally protected liberty interest in having grievances investigated, let alone resolved in their favor); *Mahogany v. Miller*, 252 F. App'x 593, 595 (5th Cir. 2007) (holding that the plaintiff had no actionable § 1983 claim based on prison officials' failure to process his grievances because he had no protected liberty interest in the processing of grievances).

Accordingly, the undersigned respectfully recommends that Plaintiff's deliberate indifference claim against Lawson in her individual capacity be dismissed with prejudice for failure to state a claim for relief and/or as frivolous.

### (4) Injunctive relief

Plaintiff seeks injunctive relief in this case. While not specifically indicating what injunctive relief he seeks as to his deliberate indifference claim involving his dental care, it is implied that he seeks dentures. Plaintiff's allegations indicate that Boston is the

individual who denied him adequate medical care in the form of dentures. Boston, therefore, would appear to be the best defendant capable of providing any injunctive relief should he prevail on his deliberate indifference claim. Accordingly, the undersigned respectfully recommends that: (1) Plaintiff's deliberate indifference claim be retained against Boston in his official capacity for injunctive relief;[1] and (2) Plaintiff's deliberate indifference claims against the remaining individual defendants in their official capacity be dismissed.

## V.     RECOMMENDATION

For purposes of § 1915A, Plaintiff has stated sufficient facts that, if true, state a deliberate indifference claim against **DDS J. Boston** in his individual and official capacities. Accordingly, it is respectfully recommended that this claim be **RETAINED**. The undersigned will order service as to Defendant Boston by separate order.

The undersigned further recommends that the Court: (1) **DISMISS without prejudice** Plaintiff's deliberate indifference claims regarding his Plaintiff's Hepatitis C claims against **Medical Director Linthicum, Warden Castro, Senior Practice Manager Lawson, Dr. Kwarteng, and PA Erick Echavarry**; (2) **DISMISS without prejudice Defendants Kwarteng and Echavarry** from this action; (3) **DISMISS with prejudice** Plaintiff's claims for money damages against **Defendants Linthicum, Castro, Lawson, and Boston** in their official capacities as barred by the Eleventh Amendment; (4) **DISMISS with prejudice** Plaintiff's claims against **the TDCJ and the UTMB** as barred

---

[1] Should facts come to light as this case proceeds that another prison official is the best person to implement Plaintiff's requested injunctive relief, the Court will substitute that person in place of Boston in his official capacity.

by the Eleventh Amendment; and (5) **DISMISS with prejudice** Plaintiff's claims against the remaining defendants for failure to state a claim and/or as frivolous pursuant to §§ 1915(e)(2)(B) and 1915A(b)(1).

Respectfully submitted on September 2, 2021.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).